IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| SUSAN GAIL BREITNER | : | BANKRUPTCY NO.: 5-16-bk-03823-JJT |
| | : | |
| DEBTOR | : | |
| | : | |
| CIT BANK, N.A. or its Successor | : | {**Nature of Proceeding**: Objection to |
| or Assignee, | : | Third Amended Plan (Doc. #57)} |
| | : | |
| OBJECTOR | : | |
| | : | |
| vs. | : | |
| | : | |
| SUSAN GAIL BREITNER, | : | |
| | : | |
| RESPONDENT | : | |

# <u>OPINION</u>

Susan Breitner, the Debtor, has filed a Chapter 13 Plan in the hope of addressing an arrearage on a reverse mortgage created by the failure to stay current with property taxes, insurance, etc. Pursuant to the terms of the plan, the exact amount of the total cure is dependant on the outcome of a pending adversary against the mortgagee, CIT Bank, N.A., scheduled for Trial in this Court on March 12, 2019. Paragraph 9.B. of Debtor's plan provides that if the sought after offset from CIT Bank is insufficient to fund the plan, the Debtor will either modify the confirmed plan or allow relief to be entered and/or surrender the real estate.

There is no indication that the Debtor is in a position to fund the arrearage in the absence of an offset that would reduce the amount set forth in CIT Bank's claim.

The parties, at confirmation, viewed this controversy as purely a legal issue as to whether a pending litigation can form the basis of a confirmable plan. No doubt it can, for otherwise

there would be no point to have a vehicle for estimating claims for the purpose of confirmation. 28 U.S.C. § 157(b)(2)(B). What troubles me is the current plan's admission that its terms will not be feasible should the pending litigation not result in a sufficient offset.

In order to confirm a plan I must find, at confirmation, that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). This I cannot do when the Debtor acknowledges that the current plan is infeasible should her lawsuit be unsuccessful.[1]

Under these circumstances, no confirmation is possible in the absence of a final adjudication of the related adversary or an estimation hearing under 11 U.S.C. § 502(c)(1).

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge (CMP)

Date: December 6, 2018

---

[1] Undoubtedly, the Debtor retains the right to file a modification of a confirmed plan under the terms set forth in § 1329.

[K:\Cathy\Opinions-Orders filed 2018\5-16-bk-03823-JJT_Breitner pdf]